UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WACHOVIA MORTGAGE FSB, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ISA ATENCIO, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | No. C09-5275 (BZ) <br><br> **REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND AND TO DENY PLAINTIFF'S REQUEST FOR ATTORNEYS FEES AND COSTS** |

    Plaintiff Wachovia Mortgage FSB ("plaintiff") seeks remand of this action to state court.  *Pro per* defendant Isa Atencio, also known as Isabelita Atienza ("defendant"), opposes remand.  Since defendant has not consented to magistrate judge jurisdiction, I will have the case reassigned.  In this report, I recommend that plaintiff's motion to remand be **GRANTED** and plaintiff's request for attorneys fees and costs be **DENIED**.

    In the complaint, plaintiff alleges the following facts. Through foreclosure proceedings, plaintiff acquired title to a residential property located in San Leandro, California.  On September 8, 2009, plaintiff served defendant with a notice to vacate.  Defendant refused to vacate the property.  As a

1

result, plaintiff filed an unlawful detainer action against defendant in Alameda County Superior Court, seeking in total less than $10,000 in damages.[1]  Compl. ¶¶ 5, 7-11.

In the answer, defendant denies all allegations and raises affirmative defenses of retaliation and discrimination. Answer at 1.  Defendant also threatens to file a "mortgage fraud lawsuit" against plaintiff in federal court.  Id. at 2. On November 5, 2009, defendant removed the action to this Court solely based on diversity jurisdiction.  Notice of Removal at 1-2.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Subject matter jurisdiction exists when either the claim arises under federal law or there is diversity jurisdiction.  28 U.S.C. § 1441, 28 U.S.C. § 1332(a).  Removal statutes are to be strictly construed, and a remand to state court is favored if there are doubts as to the right of removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Leslie v. Banctec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996)(removal statutes are to be "strictly construed against removal and all doubts should be resolved in favor of remand." (citations omitted)).

Diversity jurisdiction arises when a dispute is between "citizens of different states" over an amount greater than

---

[1]  Plaintiff seeks restitution and possession of the property, $50.00 per day since September 8, 2009, and costs of suit.  Compl. ¶ 11.

2

$75,000.  28 U.S.C. § 1332(a).[2]  To determine the amount in controversy, the Court considers evidence "relevant to the amount in controversy at the time of removal."  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (citation omitted).  The required standard of proof depends on the amount claimed in plaintiff's state court complaint.  See Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699-700 (9th Cir. 2007).  If the state court complaint claims less than $75,000, defendant must prove to "a legal certainty" that plaintiff's claim is at least $75,000.  Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007).  Defendant fails to bear that burden.

Here, the title of the state court complaint provides that the amount in damages is less than $10,000.  Defendant argues that the amount in controversy exceeds $75,000 because the purchase price of the property was more than $75,000.  First, defendant rests this argument on a future "mortgage fraud lawsuit" that defendant has not yet filed.[3]  D's Opp. at 3.  Even if defendant had filed counterclaims, the "majority of courts . . . have held that the amount in controversy is to be determined solely by reference to plaintiff's complaint."  Director RLA v. Cape Cod Corp., 2001 WL 1563710, *3 (N.D.Cal. 2001) (see cases cited therein).

Second, defendant argues that the unlawful detainer

---

[2]   There is no dispute that the parties are citizens of different states.

[3]   Defendant first claimed that she intended to file the lawsuit in the answer on September 23, 2009.  Six months have elapsed, defendant still has not filed the lawsuit.

3

1  action includes an assessment of the validity of title to the
2  property.  D's Opp. at 3.  As a result, defendant contends,
3  the purchase price of the property should be included in the
4  calculation.  Id.  This argument is against the great weight
5  of authority.  The California Supreme Court held that an
6  unlawful detainer action is summary in nature, and "only
7  claims bearing directly upon the right of immediate possession
8  are cognizable."  Vella v. Hudgubs, 20 Cal.3d 251, 255 (1977)
9  (citations omitted).  As a result, "a judgment in unlawful
10 detainer . . . will not prevent one who is dispossessed from
11 bringing a subsequent action to resolve question of title."
12 Id. (citation omitted).  In an unlawful detainer proceeding, a
13 trial court may only narrowly examine title to determine if
14 "one who has purchased property at a trustee's sale and seeks
15 to evict the occupant" has shown "that he acquired the
16 property at a regularly conducted sale" in accordance with
17 section 2924 of the Civil Code.   Id. citing Cal. C. C. P.
18 § 1161a.

19     Defendant's citation to Section 1161a does not raise the
20 amount in controversy over $75,000.  The title inquiry that a
21 court will conduct under Section 1161a is solely to determine
22 if the trustee's sale was conducted properly, not to determine
23 an underlying right to title.  "Matters affecting the validity
24 of the trust deed or primary obligation itself, or other basic
25 defects in the plaintiff's title, are neither properly raised
26 in this summary proceeding for possession, nor are they
27 concluded by the judgment."  Cheney v. Trauzettel, 9 Cal.2d
28 158, 160 (1937).  The Vella court reaffirmed this proposition.

4

1    <u>Vella</u>, 20 Cal.3d at 257.  Therefore, plaintiff's vague
2    allusions to wrongful foreclosure, discrimination, or fraud
3    are not properly raised in a Section 1161a title examination.
4    While one appellate court has suggested that a trial court
5    could entertain challenges to title in an unlawful detainer
6    action, that ruling has never been construed to mean that such
7    challenges automatically raise the amount in controversy to
8    include the value of the property.  <u>See</u> <u>Asuncion v. Superior</u>
9    <u>Court</u>, 108 Cal.App.3d 141 (1980).
10        Further, plaintiff does not seek to gain title to the
11   subject property.  The complaint specifies that plaintiff only
12   seeks holdover damages, costs, and possession of the property.
13   Defendant has cited no authority, nor have I found any, where
14   a trial court has made an affirmative determination as to
15   title where the plaintiff never requested one.
16        Finally, district courts in the Ninth Circuit have
17   consistently held that unlawful detainer actions should be
18   litigated in state courts.  <u>See</u> <u>e.g.</u>, <u>HSBC Bank USA v. Bryant</u>,
19   2009 WL 3787195 *1, *5 (S.D. Cal. 2009); <u>Flower v. Wachovia</u>
20   <u>Mortgage FSB</u>, 2009 WL 975811, *9 (N.D.Cal. 2009) (remanding
21   unlawful detainer action to state court).  For all of these
22   reasons, defendant has failed to establish diversity
23   jurisdiction.
24        Plaintiff also requests $4890.00 in attorneys fees and
25   costs.  Section 1447(c) provides that an order remanding a
26   case "may require payment of just costs . . . including
27   [reasonable] attorney fees, incurred as a result of the
28   removal."  28 U.S.C. § 1447(c).  However, there is no

automatic entitlement to an award of attorneys fees and costs. Martin v. Franklin Capital Corp., 546 U.S. 132, 136-37 (2005). Rather, section 1447(c) makes such an award discretionary. Id. at 139.  Indeed, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Id. at 136.

Plaintiff contends that defendant's removal is not objectively reasonable because "[defendant's] antics display a concerted effort to cause Wachovia to incur costs and to suffer delay."  Reply in Support of Wachovia Mortgage, FSB's Motion to Remand and for Sanctions 5.

Plaintiff cites Eden Hous. Mgmt. v. Muhammad for support. 2007 WL 4219397 *1 (N.D. Cal. 2007).  In Eden, an unlawful detainer action, the court awarded plaintiff costs because although defendant was *pro se*, he "provided no reasonable explanation for his removal action." Id. at *3.  In reaching its decision, the court noted that "[defendant] has declined to oppose the motion to remand, implicitly recognizing the meritless nature of the removal." Id.

Here, unlike Eden, defendant submitted opposition to the motion to remand.  Since defendant is proceeding *pro se*, and although defendant's argument is incorrect, it is not objectively unreasonable.  I recommend plaintiff's request for attorneys fees and costs be **DENIED**.

For the foregoing reasons, I recommend that plaintiff's motion to remand be **GRANTED** and plaintiff's request for attorneys fees and costs be **DENIED**.  I further recommend that
///

6

defendant's Motion to Postpone Decision (Doc. No. 18) be **DENIED** as moot.

Dated: March 9, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WACHOVIA V. ATENCIO\REPORT AND RECOMMENDATION - GRANTING P'S MOTION TO REMAND.wpd